

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

DOCKET NO. 2:13CR12

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>1) JACKIE LEE RATTLER, )<br>)<br>Defendant. ) | **CONSENT ORDER AND**<br>**JUDGMENT OF FORFEITURE** |

WHEREAS, the defendant, JACKIE LEE RATTLER, has entered into a plea agreement (incorporated by reference herein) with the United States and has voluntarily pleaded guilty pursuant to Federal Rule of Criminal Procedure 11 to one or more criminal offenses under which forfeiture may be ordered;

WHEREAS, the defendant and the United States stipulate and agree that the property described below constitutes property derived from or traceable to proceeds of the defendant's offense(s) herein; property involved in the offenses, or any property traceable to such property; and/or property used in any manner to facilitate the commission of such offense(s); or substitute property for which under 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e); and is therefore subject to forfeiture pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and/or 28 U.S.C. § 2461(c), provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein;

WHEREAS, the defendant herein waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant;

WHEREAS, pursuant to Federal Rules of Criminal Procedure 32.2(b)(1) & (c)(2), the Court finds that there is the requisite nexus between the property and the offense(s) to which the defendant has pleaded guilty and that the defendant has a legal or possessory interest in the property;

WHEREAS, the defendant withdraws any claim previously submitted in response to an administrative forfeiture or civil forfeiture proceeding concerning any of the property described below. If the defendant has not previously submitted such a claim, the defendant hereby waives all

1

right to do so. If any administrative forfeiture or civil forfeiture proceeding concerning any of the property described below has previously been stayed, the defendant hereby consents to a lifting of the stay and consents to forfeiture;

WHEREAS, the undersigned United States Magistrate Judge is authorized to enter this Order by the previous Order of this Court No. 3:05MC302-C (September 8, 2005);

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The **following property** is forfeited to the United States:

**Remington Arms Company Shotgun, .410 Caliber, Serial Number: None**

**Mossberg Shotgun, .410 Caliber, Serial Number: R868749**

**Ruger M77 Mark II Rifle, .223 Caliber, Serial Number: 79020164**

**Winchester 94 Rifle, 30-30 Caliber, Serial Number: 5325134**

**Ruger M77 Mark II Rifle, .260 Caliber, Serial Number: 78938531**

**New England Pardner Shotgun, .20 Gauge, Serial Number: NA126821**

**Mossberg 640KB Rifle, .22 Caliber, Serial Number: None**

**Heritage MFG Rough Rider Revolver, .22 Caliber, Serial Number: HZ84675**

**Walther P22 Pistol, .380 Caliber, Serial Number: LO45104**

**Approximately 9 Rounds of Remington .22 Caliber Ammunition**

**Beretta Pietro S.P.A. 84B Pistol, .380 Caliber Serial Number: B86344Y**

**Approximately 3 Rounds of Hornaday Ammunition, .380 Caliber**

**Ram-Line Inc. Exactor Pistol, .22 Caliber Serial Number: P57310044**

**Unique D2 Pistol, .22 Caliber, Serial Number: 497877**

**Smith & Wesson 66 Revolver, .357 Caliber, Serial Number: 9K51249**

**Approximately 6 Rounds Assorted Ammunition, .357 Caliber**

**Taurus 62 Rifle, .22 Caliber, Serial Number: UF1920**

Savage 67F Shotgun, .410 Caliber, Serial Number: A573188

Taurus 72 Rifle, .22 Caliber, Serial Number: UE1264

Henry Repeating Rifle H001, .22 Caliber, Serial Number: 052442

Winchester 70 Rifle, .243 Caliber, Serial Number: G20044388

Winchester 255 Rifle, .22 Caliber, Serial Number: 171746

Browning Rifle, .243 Caliber, Serial Number: 137RN12913

Winchester 9422 Rifle, .22 Caliber, Serial Number: F594360

Browning BPS Shotgun, .20 Gauge, Serial Number: 01048PX162

Winchester 94 Rifle, 30-30 Caliber, Serial Number: 1998499

Ithaca Gun Co. 37 Featherlight Shotgun, .20 Gauge, Serial Number: 371382311

Interarms Rifle, Unknown Caliber, Serial Number: G441009

Savage Rifle, .22 Caliber, Serial Number: None

Winchester 94 Rifle, 30-30 Caliber, Serial Number: 6153035

Unknown Rifle, Unknown Caliber, Serial Number: 292817

Mossberg Rifle, Unknown Rifle, Serial Number: HHC037188

Winchester Shotgun, Unknown Caliber, Serial Number: CE15822

Winchester 1400MKII Shotgun, .12 Gauge, Serial Number: 403234

Winchester 37 Shotgun, .12 Caliber, Serial Number: None

Ruger 96 Rifle, .22 Caliber, Serial Number: 62033849

Winchester 275 Rifle, .22 Caliber, Serial Number: 640536

Winchester 1300 Ranger Shotgun, .12 Gauge, Serial Number: L2330961

Colt Colteer Rifle, .22 Caliber, Serial Number: SC09714

Rogue Rifle Company Inc., Chipmunk Rifle, .22 Caliber, Serial Number: 66863

**Ruger Standard Pistol, .22 Caliber, Serial Number: 1135839**

**Beretta USA Corp 9000S Pistol, .40 Caliber, Serial Number: SN013058**

**Davis Industries DM22 Handgun, .22 Caliber, Serial Number: 533175**

**North American Arms Guardian Pistol, .22 Caliber, Serial Number: E176758**

**Ruger Single Six Revolver, .22 Caliber, Serial Number: 6559187**

**Ruger New MDL Sngl SX Revolver, .22 Caliber, Serial Number: 26475949**

**Mossberg 835 Ulti-Mag Shotgun, .12 Gauge, Serial Number: UM247866**

The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property.

If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of this forfeiture.

As to any firearms and/or ammunition listed above and/or in the charging instrument, defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion, deem to be legally sufficient, and waives any and all right to further notice of such process or such destruction.

Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered, as provided by Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law. Pursuant to Rule 32.2(b)(4)(A), the defendant consents that this order shall be final as to defendant upon filing.

4

SO AGREED:

_____
JOHN D. PRITCHARD
Special Assistant United States Attorney

_____
JACKIE LEE RATTLER
Defendant

_____
KRIS V. WILLIAMS
Attorney for Defendant


Signed this the __18__ day of __September__, 2013.

_____
DENNIS L. HOWELL
UNITED STATES MAGISTRATE JUDGE
WESTERN DICTRICT OF NORTH CAROLINA

5