# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 2:13-cr-00012-MR-DLH-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JACKIE LEE RATTLER, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Alter or Amend Judgment" [Doc. 293], which the Court construes as a motion for reconsideration.

The Defendant seeks reconsideration of the Court's August 29, 2015 Order denying the Defendant a reduction of his sentence pursuant to 18 U.S.C. § 3582. [Doc. 248]. The Court is without authority to reconsider the Order denying the Defendant relief under § 3582. See United States v. Goodwyn, 596 F.3d 233, 236 (4th Cir. 2010). Even if the Court had such authority, the Court finds no basis in law to reconsider its prior Order. Defendant asserts that the Court was incorrect in its prior Order when it stated that Amendment 782 had already been considered in sentencing the

Defendant. [Doc. 248]. The record is clear, however, that the Defendant was sentenced on December 16, 2014, and his Judgment was entered on December 22, 2014. [Doc. 204]. Amendment 782 was effective on November 1, 2014, before Defendant's sentencing. In fact, the supplement to Defendant's Presentence Report reflects that in light of Amendment 782 that Defendant's Total Offense Level should be reduced to 31, [Doc. 194], which reduction was allowed to the Defendant at sentencing. [Doc. 205, Doc 227 at 56]. As such, Defendant's motion is without any basis in the record of this case. Accordingly, the Defendant's motion for reconsideration is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Alter or Amend Judgment" [Doc. 293], which the Court construes as a motion for reconsideration, is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 21, 2017

Martin Reidinger
United States District Judge