**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CRIMINAL CASE NO. 2:13-cr-00012-MR-WCM-1**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **JACKIE LEE RATTLER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Compassionate Release in Light of the 2018 First Step Act Pursuant to 18 U.S.C. § 3582(c)(1)(A)." [Doc. 347].

## I.     BACKGROUND

The Defendant Jackie Lee Rattler pled guilty to three counts of possession with intent to distribute oxycodone, two counts of possession with intent to distribute marijuana, one count of possession with intent to distribute cocaine, and one count of possession of firearms and ammunition by an unlawful drug user/addict.  [Docs. 99, 103].  In December 2014, the Court sentenced Defendant to a total term of 108 months' imprisonment. [Doc. 204].

The Defendant, who is currently incarcerated at Devens Federal Medical Center, now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). [Doc. 347]. Specifically, the Defendant asserts that he suffers from "end stage renal disease on hemodialysis, insulin dependent diabetes mellitus, and hypertension" and that while incarcerated he has undertaken "extraordinary post sentencing rehabilitation." [Id. at 5]. The Government opposes the Defendant's motion. [Doc. 349].

## II.  DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant asserts in his motion that he submitted a request for compassionate release to the warden of his Bureau of Prisons facility and that the warden has denied his request. [Doc. 347 at 1].

A reduction under § 3582(c)(1)(A) must be consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.  See U.S.S.G. § 1B1.13.  The commentary to § 1B1.13 provides the following specific and limited grounds for release under § 3582(c)(1)(A): (1) a terminal illness; or (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 cmt. n.1(A).  A defendant's age may also warrant compassionate release if (1) the defendant is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75% of his term of imprisonment, whichever is less.  Id., § 1B1.13 cmt. n.1(B).  Congress has made clear that rehabilitation of the defendant alone "shall not be considered an extraordinary and compelling reason" for a sentence modification.  28 U.S.C. § 994(t).

Here, the Defendant has not shown that he has any physical or mental condition that "substantially diminishes" his ability to provide self-care within the correctional facility at which he is housed. He also has not asserted that he has a terminal illness, or that his medical condition is untreatable in the Bureau of Prisons. Therefore, the Defendant has not shown that he has a medical condition warranting a reduction. Further, the Defendant is only 61 years old and thus is ineligible for a reduction based on his age.

For all these reasons, the Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Compassionate Release in Light of the 2018 First Step Act Pursuant to 18 U.S.C. § 3582(c)(1)(A)" [Doc. 347] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 13, 2020

Martin Reidinger
United States District Judge